UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUAN MAURICIO ZULUAGA,

    Petitioner,

v.                                           Case No. 5:03-cv-343-Oc-10GRJ

WARDEN, FCC COLEMAN - MEDIUM,

    Respondents.
_____

## ORDER DENYING THE PETITION

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Petition alleges that the Bureau of Prisons (BOP) erred in calculating Petitioner's aggregate sentence. The BOP has filed a Response, and this case is ripe for determination. For the following reasons, the Petition must be denied.[1]

## Factual and Procedural History

The facts underlying the Petition are not in dispute. Petitioner was sentenced in the United States District Court for the Middle District of Florida on March 29, 1996, to a term of 120 months' imprisonment for conspiracy to possess with intent to distribute cocaine (hereafter the "first sentence"). See Resp. Exh. 1, 4. That

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

sentence subsequently was reduced to 87 months in an amended judgment entered on September 30, 1996. Id. Exh. 2.

On September 26, 1996, Petitioner was sentenced in the Southern District of Florida to a term of 168 months' imprisonment for conspiracy and possession with intent to distribute cocaine (hereafter the "second sentence"). Id. The sentencing court in the Southern District case ordered Petitioner's sentence to run concurrently with the sentence imposed in the Middle District. Id. Exh. 2. At the sentencing hearing, the court stated that "[R]unning this sentence concurrent would add 48 months on top of 120 months that he got in the Middle District." See Petition Exhibits.

Pursuant to 18 U.S.C. § 3584(c), the Bureau of Prisons (BOP) "aggregated" Petitioner's concurrent sentences. To arrive at an aggregate sentence, the BOP calculated the difference between the estimated full term date of Petitioner's first sentence (6-28-2003) and the estimated full term date of Petitioner's second sentence (9-26-2010). Each sentence was deemed to run from the date of imposition. The difference between the two sentences, called the "overlap," was 7 years, 2 months, and 28 days. See Resp. at 4. The overlap time was added to the length of the first sentence (87 months) to arrive at a total aggregate sentence of 14 years, 5 months, and 28 days. Id. The estimated full term date of the aggregate sentence is December 22, 2009; with good-time credits Petitioner's expected statutory release date is February 9, 2008. Id.

Petitioner contends that this calculation is erroneous. See Petition at 1-4. In particular, Petitioner argues that the BOP's calculation deprives him of the benefit of the sentencing court's statement that the second sentence, running concurrently with the first, would add 48 months to Petitioner's first sentence. Petitioner argues that the sentencing court's statement reflects an implicit effort by the court to implement the provisions of U.S.S.G. § 5G1.3(b) (comment. n. 2). That guideline advises that when a court imposes a concurrent sentence, "the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the [BOP]." Petitioner contends that the intent of the second sentencing court was that his second sentence should run concurrently with the first, commencing on March 29, 1996, when the first sentence was imposed. Petitioner argues that he should be given credit on his second sentence for the period between the March 29, 1996, imposition of the first sentence, and the imposition of the second sentence on September 26, 1996. See Pet. Reply at 2. According to Petitioner, under the BOP's calculation his sentence is five months and 28 days too long. Id. at 6.

### Discussion

The Bureau of Prisons is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's

confinement.[2]  Further, the computation of credit for a sentence is the responsibility of the Attorney General, who has delegated it to the BOP; District courts are not authorized to compute a presentence credit at sentencing.[3]

Petitioner's sentence is governed by 18 U.S.C. § 3585(b), which provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . <u>that has not been credited against another sentence.</u>

(emphasis added).  Thus, in accordance with the statute, Petitioner may not receive credit on his second federal sentence for the same time that was credited to his first sentence.  Accordingly, Petitioner is not entitled to credit on his second sentence for the time spent between March 29, 1996, and the imposition of the second sentence on September 26, 1996, because he was at that time incarcerated pursuant to the first sentence .  To give Petitioner credit on his second sentence for such prior time served would give Petitioner an improper double credit.

Petitioner has not demonstrated that the BOP erred in calculating his aggregate sentence in accordance with the terms of Petitioner's judgment of conviction and pursuant to applicable BOP regulations.  With regard to Petitioner's argument that the sentencing court expressed its intention at the sentencing hearing that Petitioner should serve an aggregate sentence of no more than 168 months

---

[2] <u>United States v. Wilson</u>, 503 U.S. 329, 335 (1992) ( "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

[3] <u>Id</u>. at 334.

from the date the first sentence was imposed,[4] this Court lacks jurisdiction to correct Petitioner's sentence under § 2241 and Petitioner must seek such relief in the sentencing court. The Court takes judicial notice that Petitioner has a motion to correct the sentence pending before the sentencing court. See United States v. Zuluaga, case no. 1:93-cr-00242-ASG-1 (Doc. 59).

## Conclusion

For the reasons set forth in this Order, the Petition is **DENIED**. The clerk is directed to enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 7th day of June 2007.

_____
UNITED STATES DISTRICT JUDGE

c: Juan Mauricio Zuluaga
   Counsel of Record

---

[4] Such a sentence could have been achieved, for example, by sentencing Petitioner to a 48-month term of imprisonment, to be served consecutive to his first 120-month sentence.